HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HANNIBAL ABDULLA-EL,

    Plaintiff,

    v.

CASH AMERICA

    Defendant.

CASE NO. C14-916RAJ

ORDER

This matter comes before the court *sua sponte*. On August 7, 2014, the court ordered *pro se* plaintiff to show cause why this matter should not be dismissed for failing to allege a basis in subject matter jurisdiction. Dkt. # 11.

In his response to the order to show cause plaintiff argues that this court has subject matter jurisdiction based on diversity and federal question. Dkt. # 12 at 2.

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction must neither be disregarded nor evaded. *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011). This court is obligated to determine *sua sponte* whether it has subject matter jurisdiction. *Id.*; *see* Fed. R. Civ. Proc. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This court has original jurisdiction over claims arising under federal law (28

ORDER – 1

U.S.C. § 1331) and diversity jurisdiction over cases where the amount in controversy exceeds $75,000 **and** the case is between citizens of different states (28 U.S.C. § 1332). "To invoke a federal court's subject-matter jurisdiction, a plaintiff needs to provide only a 'short and plain statement of the grounds for the court's jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing Fed. R. Civ. Proc. 8(a)(1)). "The plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 [. . .] (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 [. . .] (2009)." *Id.*

Under *Twombly* and *Iqbal*, the complaint's allegations must "plausibly suggest" that the pleader is entitled to relief, which asks for more than a sheer possibility that defendant acted unlawfully. *See Twombly*, 550 U.S. at 555 (plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do); *Iqbal*, 556 U.S. at 678 (a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that defendant is liable for misconduct alleged). Additionally, the court need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

With respect to diversity, plaintiff does not allege any facts regarding whether he and Cash America are citizens of different states, and therefore has failed to plausibly allege diversity subject matter jurisdiction. 28 U.S.C. § 1332. With respect to federal question, plaintiff alleges that Title VI applies to his claims and that employees of Cash America discriminated against him based on race and religion when they returned a different ring to him that was not his gold Masonic ring. Dkt. # 12 at 2-3. However, Title VI prohibits discrimination on the basis of race, color or national origin by any program or activity receiving federal financial assistance. 42 U.S.C. § 2000d. Plaintiff

ORDER – 2

has not alleged any facts that plausibly allege that Cash America receives federal financial assistance.  To the extent that plaintiff intended to cite Title VII, of the Civil Rights Act of 1964, plaintiff has not alleged that he was an employee of Cash America, and therefore, Title VII is inapplicable.

Based on plaintiff's conclusory allegations in his complaint and response to the order to show cause, the court finds that plaintiff has not plausibly alleged a basis for subject matter jurisdiction.  The clerk is DIRECTED to dismiss this case for lack of subject matter jurisdiction, and to terminate all pending motions.

DATED this 15th day of September, 2014.

*(signature)*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3